UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO.08-194-KSF

BRENDA NEWSOM PLAINTIFF

v. **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY DEFENDANT

* * * * * * * * *

The plaintiff, Brenda Newsom, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). The court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and decided by the proper legal standards.

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential evaluation process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2) If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from

a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5) Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. § 404.1520(f).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence or make credibility determinations. *See id.* Rather, the court must affirm

the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II. THE ADMINISTRATIVE DECISION

Newsom filed an application on June 15, 2003, which was denied initially and dismissed by the ALJ due to Newsom's withdrawal of her request for hearing on October 28, 2003. She also filed an application January 29, 2002, which was denied initially on May 6, 2002 and in a hearing decision dated June 12, 2003. Her appeal of this decision was denied by the United States District Court for the Eastern District of Kentucky on February 23, 2006. She filed a third application on May 31, 2005, alleging disability beginning on July 25, 1998. The claim was denied initially on August 15, 2005, upon reconsideration on October 12, 2005, and in a hearing decision dated March 5, 2007. The ALJ refused to reopen the previous applications because Newsom did not submit new evidence material to that decision. The ALJ's decision became final when the Appeals Council denied her request for reconsideration August 22, 2008. Newsom has exhausted her administrative remedies and filed a timely action with this court. This case is now ripe for review under 42 U.S.C. § 405(g).

The ALJ began his analysis at Step One by determining that Newsom has not engaged in substantial gainful activity since her alleged onset date. At Step Two, the ALJ found that Newsom suffered from severe degenerative arthritis. Continuing to Step Three, the ALJ determined that this impairment is not association with clinical signs and findings that meet or equal in severity any of the listed impairments. At Step Four, the ALJ found that Newsom was unable to perform her past relevant work as a receptionist and parts runner. At Step Five, relying on testimony of the

Vocational Expert ("VE"), and taking into consideration Newsom's age, educational background, prior work experience and residual functional capacity ("RFC"), the ALJ found that Newsom was capable of making a successful adjustment to work existing in significant numbers in the national economy and on this basis denied her claim for DIB.

In making his determination that Newsom was not disabled, the ALJ found that she maintained the RFC to perform light work. The ALJ adopted this RFC from the prior administrative hearing decision because there was no new or additional evidence of deterioration in Newsom's condition. Further, the ALJ noted that the record did not contain opinions from treating or examining physicians which were not previously discussed. The ALJ found that Newsom can lift or carry 20 pounds occasionally and 10 pounds frequently, and she can occasionally climb, stoop, crouch, kneel or crawl but never push or pull more than the weight limits for lifting. The ALJ found that Newsom may perform occasional overhead reaching but must avoid exposure to moving machinery or vibration. At the time of the ALJ's decision, Newsom was 53-years-old with an eighth grade education.

The ALJ noted that because a claimant's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, he must consider the factors set out in 20 C.F.R. § § 404.15(c) and 416.9(c). After discussing these factors, the ALJ found that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms but that her statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. In support of this finding, the ALJ discussed Newsom's allegations, including complaints of arthritis of the hands, difficulty reaching overhead, lower back pain radiating into her legs and irritable bowel syndrome and noted that no

treating physician or evaluating physician offered an opinion during the relevant period to support her claims and all prior opinions were discussed in the past decision. In support of his decision, the ALJ stated that he also considered the opinions of the state agency examiner, Dr. R.K. Brown, and he cited Newsom's daily activities of driving, attending church and performing household chores of shopping, cooking, washing clothes and running the dishwasher. Finally, the ALJ considered Newsom's demeanor.

## III. ANALYSIS

On appeal, Newsom argues that the ALJ's determination that she is not disabled is not based on substantial evidence or decided by the proper legal standards. Specifically, Newsom contends that the ALJ failed to accord proper weight to her allegations of pain, symptoms, and limitations.

When evaluating a claimant's allegations of pain, the pertinent Social Security regulation is 20 C.F.R. § 404.1529, which provides as follows:

> (a) *General*. In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. By objective medical evidence, we mean medical signs and laboratory findings as defined in § 404.1528(b) and (c). By other evidence, we mean the kinds of evidence described in §§ 404.1512(b)(2) through (6) and 404.1513(b)(1), (4), and (5), and (d). These include statements or reports from you, your treating or nontreating source, and others about your medical history, diagnosis, prescribed treatment, daily activities, efforts to work, and any other evidence showing how your impairment(s) and any related symptoms affect your ability to work. We will consider all your statements about your symptoms, such as pain, and any description you, your treating source or nontreating source, or other persons may provide about how the symptoms affect your activities of daily living and your ability to work. However, statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory

> findings), would lead to a conclusion that you are disabled. . . .

20 C.F.R. § 404.1529(a). Based on this regulation, when a claimant attempts to establish a disability through subjective complaints of pain, she must produce "evidence of an underlying medical condition," and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Id.*, *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ's credibility determinations related to a claimant's subjective complaints are entitled to great deference. *Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 230 (1990).

In this case, the ALJ considered all of Newsom's subjective complaints of disabling pain. He noted her complaints of arthritis of the hands, difficulty reaching overhead, lower back pain radiating into her legs and irritable bowel syndrome. Reviewing Newsom's medical records, the ALJ noted that although her medically determinable impairments could reasonably be expect to produce some symptoms, Newsom's statements about the intensity, duration and limiting effects of these symptoms was not entirely credible and found her credibility to be "fair." The ALJ's credibility determination was based in part on the fact that Newsom's daily activities include attending church and performing household chores such as shopping. Moreover, the ALJ concluded that the objective medical record failed to support her disabling allegations. Specifically, he discussed that Newsom had only been treated for back pain once during the relevant period and was not diagnosed with irritable bowel syndrome during the relevant period. The ALJ also noted that no treating physician or evaluating physician offered an opinion during the relevant period to support Newsom's claims and that all prior opinions were discussed in the past decision, which was upheld

on appeal. Further, he discussed the opinion of Dr. R.K. Brown that Newsom can perform a limited range of medium work. Finally, the ALJ discussed Newsom's demeanor.

Thus, the ALJ thoroughly stated his reasons for finding Newsom's allegations not entirely credible, and the Court must give this finding great deference. *See Blacha*, 927 F.3d at 230. Moreover, the objective medical record, including the opinions of Dr. Brown and Newsom's own activities of daily living, are inconsistent with her subjective complaints. Accordingly, the ALJ did not err in rejecting Newsom's complaints of disabling pain.

**III. CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE #7] is **DENIED**;

(2) the Commissioner's motion for summary judgment [DE # 8] is **GRANTED**;

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

(4) a judgment will be entered contemporaneously with this Opinion and Order.

This 4th day of February, 2009.




**Signed By:**

***Karl S. Forester*** KSF

**United States Senior Judge**